UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HARVEY KNOLL, an individual,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>MORETON INSURANCE OF IDAHO, INC., an Idaho Corporation, d/b/a Moreton & Company; FRED A. MORETON & COMPANY, a Utah corporation,<br><br>　　　　　　　Defendants. | Case No. 1:11-cv-00637-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Plaintiff Harvey Knoll's motion to remand this matter is before the Court. (Dkt. 11.) The parties have had an opportunity to submit written briefs, and the matter is ripe for the Court's review. On May 8, 2012, the Court conducted a hearing during which the parties appeared and presented oral argument. After carefully considering the parties' written submissions, relevant authorities and arguments, the Court will deny Knoll's motion to remand. At least one of his claims against his former employer arises under the Employee Retirement Income Security Act ("ERISA"), and is therefore preempted by federal law and a proper basis for removal.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

Harvey Knoll, a former executive of Defendant Moreton Insurance of Idaho Inc. ("Moreton"), filed suit against the company in Idaho state court on August 26, 2011, alleging that Moreton failed to pay wages owed upon termination of his employment in breach of his employment contract. Knoll's second amended complaint, filed on September 23, 2011, seeks unpaid wages under Idaho's Wage Claim Act, Idaho Code §§45-601 et. seq., and damages for the alleged breach of his employment contract and the covenant of good faith and fair dealing. On December 16, 2011, Moreton removed the lawsuit to this Court.

Moreton asserts that jurisdiction is proper in this Court under ERISA, because some of Knoll's claims for unpaid wages are based upon an agreement that constitutes an employee welfare benefit plan under ERISA. The second amended complaint alleges that Moreton failed to pay Knoll the deferred compensation or severance due to him pursuant to a Deferred Compensation Agreement (the "Agreement") executed in November of 2007. It is this Agreement that Moreton alleges is a plan under ERISA. (Decl. of Tingey Dkt. 14-1; Decl. of Knoll Dkt. 12.) Knoll disputes that the Agreement constitutes a plan governed by ERISA, and contends that his claims all arise under state law, specifically Idaho's Wage Claim Act, pursuant to which Knoll seeks treble damages.

According to the record, Knoll was the only employee of Moreton that had such an agreement. The Agreement was negotiated between the then President of Moreton, William Moreton, and Knoll directly, both of whom signed the Agreement. (Decl. of Knoll ¶2-4, Dkt. 12.) The Agreement indicates Moreton agreed to pay a "deferred compensation benefit" to Knoll, and states that Moreton intended the Plan to be "an unfunded plan that is wholly or partially exempt under ERISA." Three types of benefits were established pursuant to the Agreement: death benefits, retirement benefits, and severance benefits. Knoll claims that, because his employment was terminated, the provision regarding severance benefits applies. According to the Agreement, the severance benefit consists of monthly installment payments in the gross amount of $2,083.33, beginning one month after the termination of employment. The number of months over which the severance benefit would be payable is determined based upon a mathematical calculation equal to the difference between 180 months and the number of months remaining between the date of termination of employment and the date that Knoll would have attained the age of 65 years. The monthly benefit was payable from Moreton's general assets, and no trust or fund was established.

## DISPOSITION

**1.     Right to Removal**

A defendant has a right to remove a case from state to federal court if the plaintiff's cause of action arises, in whole or in part, under federal law. 28 U.S.C. § 1441(b). Moreton argues that Knoll's claims for severance benefits under the Agreement, although premised upon a claim for failure to pay wages and breach of contract, are

**MEMORANDUM DECISION AND ORDER - 3**

preempted by ERISA and, therefore, federal jurisdiction is proper. ERISA authorizes plaintiffs to sue to "recover benefits due to [them] under the terms of [their] plan." *See* 29 U.S.C. § 1132(a)(1)(B). Further, ERISA preempts a state law cause of action if it "relates to" an employee benefit plan. 29 U.S.C. § 1144(a); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987). "A law relates to an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138 (1990).

The parties dispute whether the Agreement constitutes a plan under ERISA. If it is, then Knoll's action comes within the scope of Section 1132(a)(1)(B) and is governed by Section 1144(a) of ERISA, and the action is removable to federal court. If not, removal was improper. Moreton bears the burden of establishing that removal is proper. *Abrego v. The Dow Chemical Co*. 443 F.3d 676, 686 (9th Cir. 2006). The Court therefore must answer the question whether the Agreement constitutes an ERISA Plan, or is simply an employment agreement not covered by ERISA.

## 2.   Whether the Agreement Constitutes an ERISA Plan

ERISA recognizes two types of plans---"employee welfare benefit plans" and "employee pension benefit plans." 29 U.S.C. § 1002(1), (2).  A plan can exhibit aspects of both a welfare benefit plan and a pension benefit plan. 29 U.S.C. § §1002(3).[1] An ERISA plan exists "if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and

---

[1] Knoll faults Moreton for its indecisiveness on the type of benefit plan the Agreement constitutes under ERISA. (Reply at 2, Dkt. 15.) However, because ERISA allows for a plan to exhibit characteristics of both an employee welfare benefit plan and an employee pension benefit plan, the Court finds that the moniker applied to the Agreement is not determinative of  whether the Agreement constitutes an ERISA plan.

**MEMORANDUM DECISION AND ORDER - 4**

procedures for receiving benefits." *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998), *superseded by statute on other grounds,* and quoting *Carver v. Westinghouse Hanford Co.*, 951 F.2d 1083, 1086 (9th Cir. 1991); *see also Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1982).

Moreton argues that the Agreement is an example of a special type of ERISA plan commonly referred to as a "top hat" plan. Top hat plans are referenced in ERISA at 29 U.S.C. § 1051(2), and are exempt from the fiduciary, funding, participation and vesting requirements applicable to other employee benefit plans. *Gilliam v. Nevada Power Co.*, 488 F.3d 1189, 1192—93 (9th Cir. 2007). Only plans that are unfunded and maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees are exempt from the requirements applicable to other ERISA plans. 29 U.S.C. § 1051(2). Knoll counters that Moreton's analysis is deficient, because the Agreement must qualify first as an ERISA plan before considering whether it is a certain type of ERISA plan. *See Guiragoss v. Khoury*, 444 F.Supp.2d 649, 655 (E.D. Va. 2006) ("The threshold question is whether the Plan is governed by ERISA."). The Court agrees with Knoll's analytical approach, and with that, will undertake a two-step analysis beginning with the principals for identifying a plan as outlined by the Ninth Circuit *Parrino*.[2]

---

[2] In his brief, Knoll argues only two of the *Parrino* factors. He apparently concedes that the source of financing and the ability to identify the intended benefits are not at issue. Therefore, the Court discusses only the procedures for receiving benefits and the class of beneficiaries.

**MEMORANDUM DECISION AND ORDER - 5**

A.    *Procedures for Receiving Benefits*

The Agreement in this case promised payment of benefits upon termination of employment, whether that employment ended because of death, retirement or otherwise. Although not all agreements providing for payment of severance benefits constitute an ERISA plan, severance benefits are included in ERISA. *Fort Halifax Packing Co. v. Coyne,* 482 U.S. 1, 7 (1987) (citing 29 U.S.C. § 1002(a)(B)). Further, agreements containing terms related directly to the terms and conditions of employment, as well as retirement benefits, can be considered pension plans under ERISA despite the agreement's hybrid characteristics. *Modzelewski v. Resolution Trust Corp.*, 14, F.3d 1374, 1377 (9th Cir. 1994). Severance benefits are characterized as a plan subject to ERISA when "they require[] an ongoing administrative program to meet the employer's obligation." *Crews v. Gen. Am. Life Ins. Co.*, 274 F.3d 502, 506 (8th Cir. 2001) (quoting *Fort Halifax Packing Co.,* 482 U.S. at 11).

When determining whether payments require an ongoing administrative scheme, the Court of Appeals for the Eight Circuit has compiled a list of factors the Court finds instructive. Courts generally consider whether the payments are one-time lump sum payments or continuous payments; whether the employer undertook any long-term obligation with respect to the payments; whether the severance payments come due upon the occurrence of a single, unique event or any time that the employer terminates its employees; and whether the severance arrangement under review requires the employer to engage in a case-by-case review of employees to determine eligibility. *Crews*, 274 F.3d at 506.

**MEMORANDUM DECISION AND ORDER - 6**

Knoll argues that the Agreement does not implicate an ongoing administrative scheme, both because the benefits are easily ascertainable and involve simply writing a check, and because Moreton exercises no discretionary review of the reasons for or the amount of any payments. Knoll therefore contends that the Agreement is a simple severance agreement, not an ERISA plan. Moreton asserts, however, that the administrative scheme need only be "minimal," and that the scheme outlined in the Agreement meets the minimum threshold to constitute a plan.[3]

Knoll relies heavily upon the facts and holding in *Delaye v. Agripac, Inc.*, 39 F.3d 235 (9th Cir. 1994), in which the Ninth Circuit Court of Appeals found an employment agreement providing for severance benefits payable for up to two years did not constitute an ERISA plan. In *Delaye*, the employment agreement contained one section governing termination of employment, and provided a different monetary benefit dependent upon whether the employer terminated Delaye's employment with or without cause. The court held that, while payment could continue for as long as two years, there was nothing discretionary about the timing, amount or form of the payment sent to Delaye, and the payment involved a simple clerical determination.

In contrast, the Agreement in this case requires something more than a simple clerical determination of the amount of a benefit payment or series of benefit payments triggered by a single event. *See Fort Halifax Packing Co., Inc. v. Coyne*, 481 U.S. 1, 12

---

[3] Moreton relies upon several Ninth Circuit Court of Appeals opinions, primarily *Gilliam* and *Duggan v. Hobbs*, 99 F.3d 307 (9th Cir. 1996), for its argument that the Agreement constitutes a Plan. However, in both *Gilliam* and *Duggan*, the employees filed suit initially under ERISA and conceded that the plans in each case were ERISA plans. Both plaintiffs then argued that the plans did not constitute top hat plans so they could claim individual liability against the fiduciaries of the plans. Therefore, the Court finds *Gilliam* and *Duggan* applicable only to the second half of its analysis.

**MEMORANDUM DECISION AND ORDER - 7**

(1987) (finding that a one-time lump sum payment of severance benefits required by state law did not create an ERISA plan). In his analysis, Knoll argues the Agreement does not require an on-going administrative scheme because the severance benefits section provides for monthly checks to be issued to Knoll. However, Knoll reads the Agreement too narrowly. *See Cvelbar v. CBI Ill. Inc.*, 106 F.3d 1368, 1375 (7th Cir. 1997) (assessing the totality of the employment arrangement in its determination of whether the Agreement constitutes an ERISA plan), *abrogated on other grounds by Int'l Union of Operating Engineers, Local 150 v. Rabine*, 161 F.3d 427 (7th Cir. 1998).

      The Agreement does not provide only for short term severance benefits upon termination of employment by the employer as in *Delaye*. Rather, the Agreement provides for payment of benefits, described as "deferred compensation," under any one of three triggering events—death, retirement, or termination of employment for reasons other than death. And, although not mathematically complex, Moreton's payment obligation requires the ongoing issuance of a check each month for a significant period of time, which could be as long as fifteen years depending upon the reason for which employment terminated. Although the benefits were not funded or held in trust, Moreton had to ensure it had sufficient operating capital each month to enable it to pay Knoll for the applicable period of time out of its general assets, thus requiring ongoing, long-term management of its funds and the attendant risk of mismanagement of funds or other abuse.[4]

---

[4] The Court finds that the possibility of continued monthly payments for fifteen years implicates more than a modicum of discretion. Such a long period of time would allow Moreton the opportunity to engage in mismanagement of funds and other abuses should it find itself unable to meet its long term obligation to Knoll,

**MEMORANDUM DECISION AND ORDER - 8**

Next, the Agreement contemplates several ongoing administrative procedures. Before Knoll could be paid any benefits, Knoll was required to file a written claim for benefits. The Agreement contains procedures to follow if a dispute arises regarding payments or the right to benefits, and provisions for when it is appropriate to accelerate payments. In addition, benefits are payable to a designated beneficiary under one of several provisions, requiring Knoll to designate a beneficiary and file it with Moreton so that Moreton could administer that provision in the event Knoll's employment terminated on account of death, or he died during a period for which retirement or severance benefits were payable.

Moreton also was required to exercise some amount of discretion. First, Moreton retained the right to interpret the Agreement, and reserved the right to amend it at any time. The authority to interpret, construe and administer the Agreement as to the payments made by Moreton was vested in the Board of Directors. Although not implicated due to the circumstances of Knoll's termination from employment, the Agreement contemplated a discretionary determination of when termination of employment occurred based upon the facts and circumstances. To make such a determination, Moreton could be required to engage in a complex analysis of whether Knoll was performing services equal to 20% or less of the average level of services performed during the preceding thirty-six months. Certain types of leave, such as military leave, sick leave, or other bona fide leave of absence, may not create a termination of

---

which abuses ERISA is designed to curb. *See Golden Gate Restaurant Assoc. v. City and County of San Francisco*, 456 F.3d 639, 650--51 (9th Cir. 2008) (explaining Congress's underlying concern of fund mismanagement as the basis for enacting ERISA). However, the Court does not suggest that a bright line rule tied to the period of time for which benefits are paid is determinative of whether a plan subject to ERISA exists.

**MEMORANDUM DECISION AND ORDER - 9**

employment according to the Agreement's provisions. The Agreement contained a detailed provision regarding when benefit payments were subject to a "substantial risk of forfeiture." The enumerated provisions, if applicable, would have created an obligation to undertake a case specific review of the circumstances of Knoll's separation from employment.

Although not exhaustive, the above provisions and characteristics of the Agreement require Moreton to exercise ongoing, administrative, and discretionary functions. The fact that the circumstances of Knoll's termination from employment eliminated the need for much of the discretionary decision making does not alter the terms in the Agreement as a whole. Thus, the Court finds the Agreement imposes upon Moreton sufficient "ongoing, particularized, administrative, discretionary analysis"[5] to constitute an ongoing administrative scheme.

### B.    *Class of Beneficiaries*

Knoll next asserts that the Agreement does not constitute a plan because it is a plan for only one person, not for a "class of beneficiaries," and therefore is simply a contract between one employee and one employer. Knoll cites several cases in support of his argument, relying primarily upon *Dakota, Minnesota & Eastern R.R. Corp. v. Schieffer*, 648 F.3d 935 (8th Cir. 2011). In *Dakota*, the court held that an individual contract providing severance benefits to a single executive employee was not an ERISA employee welfare benefit plan. 648 F.3d at 938. In so concluding, the court relied upon

---

[5]  The court in *Golden Gate Restaurant Assoc. v. City and County of San Francisco*, 456 F.3d 639, 651 (9th Cir. 2008) set forth that there must be more than "some" discretion in order to characterize a plan as an ongoing administrative scheme. The Court finds that the Agreement surpasses that threshold.

**MEMORANDUM DECISION AND ORDER - 10**

the language of ERISA, which in the statute references "beneficiaries" in the plural, not the singular. *Id.* The court recognized its holding was against the weight of authority, noting that "several circuit court decisions have concluded that a contract with a single employee to provide post-termination benefits *may* be a 'one-person' ERISA plan if it satisfies the 'administrative scheme' criteria of *Fort Halifax*." *Id.*

The Court declines to follow the reasoning in *Dakota*, because the Ninth Circuit Court of Appeals recognizes that a one-person plan can constitute an ERISA plan. In *Duggan v. Hobbs*, 99 F.3d 307, 310 (9th Cir. 1996), the Ninth Circuit concluded that a contract between one person and the company established an ERISA plan. Although not part of its reasoning, the court reached its conclusion in spite of the statute indicating the type of plan at issue covered "employees." *Duggan*, 99 F.3d at 310 (citing 29 U.S.C. § 1101(a)(1), which applies to unfunded plans maintained for "highly compensated employees."). *See also Gilliam v. Nevada Power Co.*, 488 F.3d 1189, 11193 (9th Cir. 2007) (considering a one-person plan under ERISA). Similarly, the court in *Modzelewski v. Resolution Trust Corp.*, 14 F.3d 1374 (9th Cir. 1994), held that an individual salary compensation agreement between one employee and his employer qualified as a pension plan under ERISA.

The Ninth Circuit cases cited by Knoll do not hold to the contrary. *Parrino* did not consider a one person plan, but rather a plan that covered "all of the firm's full-time employees." *Parrino*, 146 F.3d at 703. And although *Hoffner v. Bank of Choice Holding Co.*, No. 11-cv-00266, 2011 U.S. Dist. LEXIS 65699 (D. Colo. June 21, 2011) considered a one-person plan, the court held that the employer had not demonstrated that

**MEMORANDUM DECISION AND ORDER - 11**

the agreement at issue was a plan because the intended benefit was not established. Importantly, *Hoffner* did not foreclose the possibility that the agreement could be a plan, or decide as in *Dakota* that it could not be a plan simply because it was the only agreement of its kind and covered one employee.

Further, the weight of authority from other circuits, as well as the Department of Labor's position on the matter, indicates that a one person plan can constitute an ERISA plan. The Court of Appeals for the Fourth Circuit in *Biggers v. Wittek Indus., Inc.*, 4 F.3d 291, 296 (4th Cir. 1993), when considering whether a severance agreement constituted an ERISA plan, stated that the court was "not aware of any requirement that a plan must cover more than one employee in order to be controlled by ERISA." In support its analysis, the court noted that the regulations applicable to employee benefit plans in general, 29 C.F.R. § 2510.3-3(b), indicate that if one employee is a participant, then a plan is covered. *Biggers*, 4 F.3d at 297. *See also Williams v. Wright*, 927 F.2d 1540, 1545 (11th Cir. 1991) (noting that *Donovan*'s use of the word "class" was not, in its opinion, an absolute requirement of more than one beneficiary, and finding "nothing in the ERISA legislation pointing to the exclusion of plans covering only a single employee.").

In addition, courts holding that plans otherwise qualifying for ERISA coverage are not excluded because the plan covers one employee have cited to Department of Labor opinion letters. *See, e.g.*, *Williams*, 927 F.2d at 1545; *Biggers*, 4 F.3d at 298. In a 1991 opinion letter, the Department concluded that a severance payment arrangement between a company and only one employee "appears to fall within the definition of an 'employee benefit plan….'" U.S. Dep't of Labor Opinion Letter No. 91-20A (July 2, 1991). *See also*

**MEMORANDUM DECISION AND ORDER - 12**

*Cvelbar*, 106 F.3d at 1373 (noting that the Secretary of Labor submitted an amicus brief maintaining that an ERISA plan can cover a single employee). The Court therefore follows the weight of authority, including that of the Ninth Circuit, finding that a one person plan can be an ERISA plan.

The reference to the Agreement's governance by Utah law does not change the Court's analysis that the Agreement falls within the ambit of ERISA. Knoll argues that the Agreement's reference to Utah state law weighs against finding an ERISA plan. However, at its most basic level, an ERISA plan is a contract. Courts have therefore held that general principles of state law are relevant to the interpretation of ERISA-governed contracts. *Saltarelli v. Bob Baker Group Medical Trust*, 35 F.3d 382, 386 (9th Cir. 1994). In fact, "courts are directed to formulate a nationally uniform federal common law to supplement the explicit provisions and general policies set out in ERISA, referring to and guided by principles of state law when appropriate, but governed by the federal policies at issue." *Menhorn v. Firestone Tire & Rubber Co.*, 738 F.2d 1496, 1500 (9th Cir.1984). Courts therefore "apply contract principles derived from state law. . . " when interpreting ERISA plans. *Gilliam*, 488 F.3d at 1194.[6] Moreover, the Agreement repeatedly references ERISA.

### C. *Lack of ERISA Compliance and the Parties' Intent*

Finally, Knoll argues that the lack of compliance with ERISA by Moreton and lack of intent to create an ERISA plan provide further evidence that the Agreement is not

---

[6] Knoll in his reply brief asserts the Agreement is governed by Idaho law. (Reply at 10 Dkt. 15.) However, the issue of which state law governs, Utah or Idaho law, is not before the Court.

**MEMORANDUM DECISION AND ORDER - 13**

an ERISA plan. Knoll cites the lack of a summary plan description and noncompliance with annual reporting and filing requirements. However, "an employer's failure to meet an ERISA requirement does not exempt the plan from ERISA coverage." *Williams*, 927 F.2d at 1544 (citing *Scott v. Gulf Oil Corp.*, 754 F.2d 1499, 1503 (9th Cir.1985) and *Fort Halifax Packing Co., Inc.* 482 U.S. at 18. Knoll contends he did not intend for the Agreement to constitute an ERISA plan, nor did he understand the Agreement created a plan under ERISA. But, any contract that provides for some type of deferred compensation may establish a de facto pension plan, "whether or not the parties intended to do so." *Modzelewski*, 14 F.3d at 1377. Knoll has cited no authority in support of his arguments that lack of compliance with ERISA or the parties' intent somehow exempts a plan or agreement from ERISA coverage, and therefore the Court finds his arguments unavailing.

## CONCLUSION

The Court concludes that Moreton's promised benefits under the Agreement constitute an employee benefit plan subject to ERISA. It follows, therefore, that to the extent Knoll's action seeks benefits due under the Agreement, the same falls within the scope of ERISA and is preempted by 29 U.S.C. § 1144(a). The motion to remand will be denied. Because the Court finds that the Agreement constitutes a plan subject to ERISA, it does not decide what type of plan it may be, and declines to address the argument that the plan constitutes a "top hat" plan or whether Moreton complied with certain provisions of ERISA. Those issues are left for another day.

**MEMORANDUM DECISION AND ORDER - 14**

## ORDER

## NOW THEREFORE IT IS HEREBY ORDERED:

1) Plaintiff's Motion to Remand (Dkt. 11) is **DENIED**.

Dated: **May 22, 2012**

Honorable Candy W. Dale
United States Magistrate Judge